UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:26-cv-60515-JB

JULIO SANCHEZ PUPO, by and
through his next friend Marielis
Caballero Caballero,

      Petitioner,

v.

BROWARD TRANSITIONAL CENTER,
*et al.*,

      Respondent.[1]

                                  /

## ORDER TO SHOW CAUSE-28 U.S.C § 2241

**THIS CAUSE** is before the Court on the *pro se* Petition for Writ of Habeas Corpus, ("Petition") brought pursuant to 28 U.S.C. § 2241, Emergency Motion to Expedite Consideration, ECF No. [4], Emergency Motion for Stay of Removal, ECF No. [5], and Emergency Motion for Temporary Restraining Order, ECF No. [6], (the "Motions") brought by Petitioner Julio Sanchez Pupo ("Petitioner") while confined at the Broward Transitional Center ("Broward Center") in Pompano Beach, Florida.

---

[1] Pursuant to 28 U.S.C. § 2243, a writ of habeas corpus should be directed to the individual having custody over the person being detained. In cases involving present physical confinement, the United States Supreme Court reaffirmed that "[t]he immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). Because Petitioner is currently confined at the Broward Transitional Center ("Broward Center") in Pompano Beach, Florida Petitioner's immediate custodian is the Warden of that facility. Accordingly, pursuant to the Fed. R. Civ. P. 25, the Clerk is directed to substitute the Warden of the Krome Center as the proper Respondent in this case.

ECF No. [1].   In the Petition and Motions, Petitioner raises multiple grounds for relief, challenging his continued immigration detention pursuant to 28 U.S.C. § 2241. As relief, Petitioner seeks an Order from the Court that, among other things, (1) Orders Petitioner's immediate release from DHS/ICE Custody or an adequate bond hearing with meaningful consideration of evidence; (2) requires Respondent to provide constitutionally adequate access to medical care and medications while Petitioner is in custody; (3) issues an immediate TRO prohibiting Petitioner's removal; (4) stay any removal action pending resolution of the habeas petition; and (5) expedites the consideration of the Petition and Motions. *See generally* ECF Nos. [1], [3], [4], [5], and [6].

"Section 2241 provides a writ of habeas may issue to a prisoner . . . [who is] in custody in violation of the Constitution or laws or treaties of the United States." *Medberry v. Crosby,* 351 F.3d 1049, 1059 (11th Cir. 2003).   Upon entertaining a § 2241 habeas corpus petition, a court "shall . . . award the writ of habeas corpus or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243.   Accordingly, Petitioner's Emergency Motion for to Expedite Consideration, ECF No. [4], Emergency Motion for Stay of Removal, ECF No. [5], and Emergency Motion for Temporary Restraining Order, ECF No. [6], are **GRANTED IN PART** as follows:

1. Counsel for the Respondent, upon receipt of this Order, shall **immediately** notify the Court of the name of the Assistant United States Attorney to whom the case is assigned.

2.   On or before **February 27, 2026**, Respondent shall file a memorandum of fact and law to show cause why this Petition and the rest of the relief requested in Petitioner's Motions should not be granted and shall file all necessary documents for the resolution of the Petition.   *See* 28 U.S.C. § 2243 (a response to the order to show cause "[s]hall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."). Respondent shall file the response and appendix simultaneously, but if unable to do so, then Respondent shall file a motion for extension of time setting forth good cause supported by a detailed explanation of the specific facts giving rise to the need for additional time.

3.   Counsel for Respondent shall caption the response as a "Response" or alternatively, an "Answer," and <u>not</u> a "Motion to Dismiss."   The statute, 28 U.S.C. § 2243, calls for a "Return."   Any motion for an extension of the date specified for the filing of the Response or Answer must be case-specific and must detail the reasons the extension is sought.   <u>Any motion seeking an extension of time based on an inability to procure records shall be accompanied by documentation showing that the records were requested in a timely fashion, that they remain unavailable, and the date on which they are expected to be received</u>. Any motion seeking an extension of time must also comply with the Court's Practices and Procedures to the extent possible.

4.   **Respondent is reminded that he or she must provide Petitioner full and complete copies of all documents filed in support of his or her Response or Answer.**   *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of a pleading for all purposes"); *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073 (11th Cir. 2014) ("[A]ll documents referenced in the answer and filed with the Court must be served on the habeas petitioner.").

5.   Respondent **shall** refrain from transferring Petitioner out of the jurisdiction of this Court during the pendency of this proceeding and while the Petitioner remains in Respondent's custody.

5.   Petitioner may, but is not required to, file a Reply within **three (3) days** of the date on which the Court dockets Respondent's Answer or Response, which date is shown by the certificate of service on the Respondent's filing.   The Court cautions Petitioner that he must take any potential mailing delays into consideration in determining when to submit the Reply to prison authorities for mailing.   If the Reply is not filed within **three (3) days** of the date of docketing of the Respondent's Answer or Response, the Court will deem the matter ripe and will not

consider any untimely Reply. *See* Rule 5(e), Rules Governing Section 2254 Cases ("The petitioner may submit a reply to the respondent's answer . . . within a time fixed by the judge.").

6. Petitioner's Reply, if any, shall not exceed **ten (10) pages** and shall otherwise comply with the Court's applicable Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c); S.D. Fla. L.R. 5.1(a)(4).

The Court hereby reserves consideration of the remainder of Petitioner's Petition and Motions until Respondents comply with the terms of this Order.

**DONE AND ORDERED** in Miami, Florida on this 24th day of February, 2026.

_____

JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Julio Sanchez Pupo**
A# 246638790
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073
(Address of Record)

**Marielis Caballero Caballero**
957 30th St,
West Palm Beach, FL 33407

**U.S. Attorney**
Noticing 2241/Bivens U.S. Attorney
Email: usafls-2255@usdoj.gov

**U.S. Immigration & Naturalization Service Attorney**
**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov