## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.: 26-cv-60515-JB**

JULIO SANCHEZ PUPO, *through*
*Marielis Caballero Caballero, next*
*of friend*

       Petitioner,

v.

Broward Transitional Center, *et al.*,

       Respondents.

_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Marielis Caballero Caballero's Verified Petition for Writ of Habeas Corpus on behalf of Petitioner Julio Sanchez Pupo (the "Petition"). ECF No. [1]. Respondents filed a Response Opposing the Petition for Writ of Habeas Corpus. ECF No. [9]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

## I.   BACKGROUND

On February 24, 2026, Marielis Caballero filed this Petition on behalf of her domestic partner, Julio Sanchez Pupo ("Mr. Pupo"), who is currently being held at

1

the Broward Transition Center in Pompano Beach, Florida.[1]  ECF No. [1] ¶ I.  Mr.

Pupo is a Cuban national who entered the United States in January 2023 near Eagle

Pass, Texas.  ECF No. [9-2] ¶ 6.  At that time, the Department of Homeland Security

("DHS") issued Petitioner a Notice to Appear ("NTA") which classified him as "an

alien present in the United States who has not been admitted or paroled" and charged

him with inadmissibility under sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the

Immigration and Nationality Act ("INA") as "an alien present in the United States

who has not been admitted or paroled." ECF No. [9-1].  The NTA also stated that "an

asylum officer has found that [Petitioner] has demonstrated a credible fear of

persecution or torture."  ECF No. [11-1].  Removal proceedings were initiated against

Petitioner under 8 U.S.C. § 1229(a) and, in March 2024, Petitioner filed a I-485 for

adjustment of status under the Cuban Adjustment Act.  ECF No. [1-1].

On February 11, 2025, Petitioner appeared before the Executive Office for

Immigration Review ("EOIR"), where the immigration judge ("IJ") granted

Petitioner's Motion to Terminate his removal proceedings without prejudice.  ECF

No. [9-2] ¶9.

On December 21, 2025, Petitioner received a call from his brother who was

having car trouble.  ECF No. [1] ¶VII, 2.  According to Petitioner, when he arrived, a

county sheriff requested documents from Petitioner and his brother to prove their

lawful status.  *Id*.  The sheriff, acting under the INA's 287(g) program, then arrested

---

[1] Ms. Caballero filed the Petition as next friend of Petitioner.  In their Response, Respondents do not dispute that Ms. Caballero satisfied the requirements for next friend standing.  *See generally*, ECF No. [9].

Petitioner and his brother for "civil violations" and took both into custody.  ECF No. [9-4].  The next day, DHS issued Petitioner a Warrant for Arrest of Alien and another NTA, charging him as removable under section 212(a)(7)(A)(i)(I) of the INA and again classifying him as "an alien present in the United States who has not been admitted or paroled."  ECF No. [9-7.

Petitioner has now filed a Petition for Writ of Habeas Corpus in which he raises five claims: (i) Count One is a claim for violation of the Fourth Amendment based on his arrest without a judicia warrant; (ii) Count Two is a claim for violation of the Fifth Amendment's Due Process clause for "prolonged and arbitrary detention without meaningful individualized assessment" under the Supreme Court's decision in *Zadvydas v. Davis*; (iii) Count Three alleges that the conditions of Petitioner's confinement violates Due Process; (iv) Count Four alleges that Petitioner has been denied medical attention and medications; and (v) Count V is a claim for violation of the Equal Protection Clause based on alleged "racial an xenophobic harassment and discriminatory treatment."  ECF No. [1] at 4.  Petitioner requests that the Court (i) "[g]rant the writ of habeas corpus and order Petitioner's immediate release from DHS/ICE custody;" (ii) in the alternative, order an immediate custody/bond hearing with meaningful consideration of evidence; and (iii) order Respondents to provide constitutionally adequate access to medical care and medications while Petitioner is in custody.  *Id.* at 5.

In their Response, Respondents argue that Counts One, Three, Four and Five of the Petition fall outside the scope of habeas relief.  *See* ECF No. [9] at 3–5, 7.

3

Respondents also argue that Count Two is "premature" because there is no final order of removal such that *Zadvydas* is inapplicable and, in any event, Petitioner "has only been detained for 65 days." *Id*. at 6–7.  Further, given Petitioner's request for a bond hearing and his *pro se* status, even though Petitioner does not explicitly raise the issue, Respondents address whether Petitioner is subject to detention under 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a) for purposes of entitlement to an individualized bond hearing.  To this end, Respondents argue that Petitioner is properly detained without a bond hearing because his detention is under § 1225(b)(2)(A).  *Id*. at 11–18.  Finally, Respondents argue that the Petition should be dismissed because Petitioner has not exhausted his administrative remedies.  *Id*. at 19.

## II.   ANALYSIS

District courts have the authority to grant writs of habeas corpus.  *See* 28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The Court's jurisdiction extends to challenges involving immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### A. Petitioner Has Not Shown That He is Subject to Prolonged Detention in Violation of Due Process.

In Count Two of the Petition, Petitioner argues that his "prolonged and arbitrary" detention is a violation of due process under the Supreme Court's decision in *Zadvydas v. Davis*.  ECF No. [1] at 4.  In *Zadvydas*, the Supreme Court considered

the petitions of two resident aliens who challenged the constitutionality of their detentions under 8 U.S.C. § 1231(a)(6), which permits the Government to detain an alien subject to a final order of removal beyond the 90-day statutory removal period set forth in § 1231(a)(1). *Zadvydas*, 533 U.S. 678, 689 (2001).  Although no country was willing to accept either alien once they were ordered removed, the Government continued to detain them after the expiration of § 1231(a)(1)'s 90-day removal period. *Id.* at 684-86.  The Supreme Court held that a detainee may file a petition for writ of habeas corpus to challenge the reasonableness of their continued detention when the Government is unable to effectuate removal within the 90-day removal period.  *Id*. at 687.

Here, unlike in *Zadvydas*, a final removal order has not been entered against Petitioner.  Given that Petitioner's removal proceedings remain pending, *Zadvydas* is inapplicable.  *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (to state a valid claim under *Zadvydas*, a petitioner must show (1) "*post removal order detention in excess of six months*," and (2) "a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.") (emphasis supplied).  Further, at the time he filed the Petition, Petitioner had been detained for approximately two months.  Petitioner has provided no basis for the Court to conclude that such a relatively short period of detention raises due process concerns. Accordingly, for these reasons, Count Two of the Petition is dismissed without prejudice.

### B. Counts Three, Four and Five are Outside the Scope of Habeas Relief.

In Counts Three, Four and Five of the Petition, Petitioner alleges that his detention is unconstitutional based on the "[e]xtreme rationing of food and water, repeated service of spoiled food, and unsanitary living conditions," "denial of medical care and medications," and "discriminatory and xenophobic harassment."  ECF No. [1] at 4.  These claims concern the conditions of Petitioner's confinement, rather than the *fact* of his confinement and thus are outside the scope of habeas relief.  *See Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) ("Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law.").  Moreover, "release from imprisonment is not an available remedy for a conditions-of-confinement claim." *Id.*, 634 F. App'x at 778; *see also Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) ("The appropriate Eleventh Circuit relief from prison conditions . . . is to require the discontinuation of any improper practices . . . [it] does not include release from confinement.").  Accordingly Counts Three, Four and Five are dismissed without prejudice because a habeas petition is not the appropriate vehicle to raise these claims.  Such claims are properly brought, if at all, under 42 U.S.C. § 1983.  *See Vaz*, 634 F. App'x at 780.

### C. Petitioner is Entitled to a Bond Hearing.

As a form of alternative relief, Petitioner asks the Court for a bond determination hearing "with meaningful consideration of evidence."  ECF No. [1] at 5.  In their Response, Respondents argue that Petitioner is subject to detention

pursuant to 8 U.S.C. § 1225(b)(2)(A) such that a bond hearing is not required, and that § 1226(a) does not apply.  ECF No. [9] at 11–15. The Court examines each of these statutes in turn.

### i.  8 U.S.C. § 1225

Section 1225 governs the inspection, detention, and removal of applicants for admission.  *See* 8 U.S.C. § 1225 *et seq*.  Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.*  All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[2]  To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289 (emphasis added).

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id.*  Such noncitizens are generally subject to expedited removal "without further hearing or review."  8 U.S.C. § 1225(b)(1).  That said, if the noncitizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with an immigration officer. *Id.* § 1225(b)(1)(A)(ii).  If the immigration officer finds a

---

[2] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes.  Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, while section 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

"credible fear," the noncitizen "shall be detained for further consideration of the application for asylum." *Id.* Respondents concede that Petitioner is "not subject to detention under 8 U.S.C. § 1225(b)(1)." ECF No. [7] at 12.

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287. Noncitizens covered under § 1225(b)(2) are detained for removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. 8 U.S.C. § 1225(b)(2)(A). Importantly, detention under § 1225(b)(2) is mandatory. *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

### ii.   8 U.S.C. § 1226

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2. Importantly for purposes of this action, "[f]ederal regulations provide that aliens detained under [section] 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1));

*see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at \*13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

### iii.   Petitioner's Detention Is Governed By 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225(b)(2)

The question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at \*3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation belong[ing] historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at \*5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes,* 2025 WL 1869299, at \*8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at \*7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

From the outset of Petitioner's case, DHS proceeded under section 1226. Neither of the two NTAs that DHS issued to Petitioner classified him as an "arriving alien." ECF Nos. [9-1], [9-7]. Instead, both NTAs charged him as "present in the United States without admission or parole." *Id*. This classification places him squarely within section 1226. *See e.g., Pizarro Reyes*, 2025 WL 2609425, at \*8

(emphasizing ICE's selection of "present" rather than "arriving" on the NTA as evidence that § 1226 applied); *see also Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, *8 (E.D.N.Y. Oct. 6, 2025) (respondent's initial classification of petitioner "certainly is relevant to the Court's assessment of the credibility and good faith of 'Respondents' new position as to the basis for [Hyppolite's] detention, which was adopted post hoc and raised for the first time in this litigation.'") (citation omitted); *Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at *2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted).

In addition, "[w]hereas [section] 1225 governs removal proceedings for 'arriving aliens,' [section] 1226(a) serves as a catchall." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sept. 9, 2025). As the Supreme Court stated in *Jennings*, section 1226 "creates a default rule" that "applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. The inclusion of a "catchall" provision in section 1226, particularly following the more specific provision in section 1225, is "likely no coincidence, but rather a way for Congress to capture noncitizens who fall outside of the specified categories." *Pizarro Reyes*, 2025 WL 2609425, at *5; *see also Barrera*, v. *Tindall*, No. 3:25-cv-541, 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025) (citation omitted). The circumstances surrounding Petitioner's detention align with section 1226(a), not section 1225(b)(2). Indeed, other Courts in this Circuit and District have uniformly rejected Respondents' expansive

10

interpretation of section 1225. *See, e.g., Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292, ECF No. [41], (S.D. Fla. Oct. 10, 2025) (respondent's interpretation of the INA "directly contravenes the statute" and "disregards decades of settled precedent"); *see also Pizarro Reyes*, 2025 WL 2609425, at *7 ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation."); *Puga*, No. 25-24535, 2025 WL 2938369, at *3–6; *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717, at *2 (M.D. Fla. Sept. 25, 2025); *Alvarez v. Morris*, 25-cv-24806, ECF No. [6], (S.D. Fla. Oct. 27, 2024) (collecting cases).

The Court recognizes that this issue is currently before the Eleventh Circuit Court of Appeals in *Hernandez-Alvarez v. Warden, Federal Detention Center Miami, et al.* and *Cerro Perez v. Assistant Field Office Director, et al.*, and that the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi, et al.* and the Eighth Circuit Court of Appeals in *Avila v. Bondi*, recently issued decisions in Respondents' favor. *See Buenrostro-Mendez*, 166 F.4th 494 (5th Cir. 2026); *Avila*, 170 F.4th 1128 (8th Cir. 2026). In any event, neither decision is controlling on this Court, and the Eleventh Circuit has not ruled on the matter. As such, there is no binding authority that contravenes the previous decisions of this Court. Indeed, the overwhelming weight of authority has consistently held that detainees such as Petitioner are entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

11

Accordingly, Petitioner's detention is governed by section 1226(a) and, therefore, he is entitled to an individualized bond hearing before an IJ.  As such, Petitioner's mandatory detention under section 1225(b) without conducting a dangerousness and risk of flight determination rests is unlawful.

**D. Petitioner Has Not Established a Violation of the Fourth Amendment.**

Count One of the Petition alleges that Petitioner's arrest without a judicial warrant constitutes an unlawful seizure in violation of the Fourth Amendment to the United States Constitution.  ECF No. [1] at 4.  As the Court has found, Petitioner's detention is governed by § 1226(a), which states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  The corresponding regulations delegate the authority to issue these administrative warrants to specified immigration officers.  *See* 8 C.F.R. § 236.1(b)(1) ("At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest. A warrant of arrest may be issued only by those immigration officers listed in § 287.5(e)(2) of this chapter and may be served only by those immigration officers listed in § 287.5(e)(3) of this chapter.").

Here, on the same date that DHS issued Petitioner a new NTA, it also issued him a Form I-200 Warrant for Arrest which stated that "there is probable cause to believe that [Petitioner] is removable form the United States" for two reasons: (1)

"biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that [Petitioner] either lacks immigration status or notwithstanding such status is removal under U.S. immigration law" and (2) "statements made voluntarily by [Petitioner] to an immigration officer and/or other reliable evidence that affirmatively indicate [Petitioner] either lacks immigration status or notwithstanding such status is removal under U.S. immigration law." ECF No. [9-5]. Petitioner does not offer any evidence or argument to show that Respondents lacked probable cause to believe that he was in the United States unlawfully. Accordingly, on this record, Count One must be dismissed because Petitioner has not shown that his arrest violates the Fourth Amendment.

## III.  CONCLUSION

For these reasons, it is hereby   **ORDERED AND ADJUDGED** as that the Petition is **GRANTED IN PART AND DENIED IN PART** as follows:

1.  The Court has determined that Petitioner falls under 8 U.S.C. § 1226(a), and accordingly, Respondents shall promptly afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2.  Respondents shall, within 24 hours of the bond hearing, file a Status Report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

3.  The Petition is otherwise **DISMISSED WITHOUT PREJUDICE**.

4.  The Clerk is **DIRECTED** to **CLOSE** this case.

13

5.      All pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 20th day of

April, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

14